**Venecia Dawn BARRON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,\* Respondent.**

**No. 08–2480–ag.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2009.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Civil Division (Gregory G. Katsas, Assistant Attorney General, and David V. Bernal, Assistant Director, on the brief), Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, Circuit Judges, and JED S. RAKOFF, District Judge.**

**SUMMARY ORDER**

Petitioner Venecia Dawn Barron seeks review of an April 18, 2008 decision of the BIA, which constitutes a final order of removal, (1) affirming a February 16, 2007 decision of the Department of Justice Immigration Court (Michael W. Straus, *Immigration Judge*), and (2) denying petitioner's motion to remand. *See In re Barron*, No. A73 612 221 (B.I.A. Apr. 16, 2008). The Immigration Judge concluded that petitioner had abandoned her application for cancellation of removal and ordered voluntary departure by April 12, 2007.[1] Before our Court, petitioner argues principally that the Immigration Judge's instruction regarding the deadline to file an application for cancellation of removal was inconsistent with applicable regulations. Petitioner also argues that she was denied due process of law, in violation of the Fifth Amendment, because she was not permitted to explain her reasons for not filing a timely application to the Immigration Judge, and that the BIA erred in not remanding her case for further proceedings. We assume the parties'

---

** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1. The BIA rescinded the Immigration Judge's order of *voluntary* departure because petition-

er had not requested that form of relief from removal. *See In re Barron*, No. A73 612 221, at 2 (B.I.A. Apr. 16, 2008).

familiarity with the underlying facts and procedural history of this case.

Where, as here, "the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) (internal quotation marks omitted). Because the questions of regulatory interpretation and due process "involve[ ] the application of law to undisputed fact, we review the issue[s] *de novo,* according the agency's interpretation of its own regulation substantial deference unless that interpretation is inconsistent with the plain language of the regulation." *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008) (internal quotation marks omitted). Finally, we review the BIA's decision to deny petitioner's motion for remand under a deferential "abuse-of-discretion" standard. *See Li Yong Cao v. United States Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005).

■ Petitioner's principal argument is that the Immigration Judge's instructions disregarded applicable regulations. At a hearing on June 22, 2006, the Immigration Judge ordered petitioner to file an application for cancellation of removal by February 9, 2007 and—addressing petitioner directly—stated that "if that application is not timely filed, your application will be denied as abandoned and an order of removal will be issued. It is critical that you make sure your attorney files that application on time." (Tr. of Proceedings, June 22, 1996, 4:19–21.) A week after the February 9 deadline passed, and no application having been filed, the Immigration Judge ordered petitioner's voluntary departure.[2] Before the BIA, petitioner argued that the Immigration Judge's instruction was inad-

equate because he did not mention the "good cause" exception in the applicable regulation. *See* 8 C.F.R. § 1003.47(c) ("Failure to file necessary documentation ... within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application *unless the applicant demonstrates that such failure was the result of good cause.*" (emphasis added)). The BIA rejected this argument because, in its view, "[t]he regulations do not require the Immigration Judge to provide such instruction." *In re Barron,* No. A73 612 221, at 1. We agree. The text of the regulation does not require an immigration judge to inform aliens of the "good cause" exception, and petitioner has not pointed to any authority that does.

■ Regarding petitioner's claim that she was denied the due process of law, we reject petitioner's argument that the Immigration Judge "ignore[d] the statutory and regulatory requirements," for the reasons stated above. On a more fundamental level, we have previously held that "[a]ll aliens within the United States, whether their presence here is lawful, unlawful, temporary, or permanent, are entitled to procedural fairness." *Ali v. Mukasey,* 529 F.3d 478, 490 (2d Cir.2008) (internal quotation marks omitted). The traditional constitutional minima for due process apply: an alien "must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner, by an impartial and disinterested tribunal, and in a proceeding that is adequate to allow judicial review." *Id.* (internal quotation marks and citations omitted). We see no violation of these

---

**2.** Petitioner was represented by different counsel in the proceedings before the Immigration Judge. On January 29, 2007, petitioner's counsel filed a motion to withdraw from representation citing a "broken down" attorney-client relationship and petitioner's failure to respond to counsel's letters and telephone messages. Petitioner does not challenge these allegations on appeal.

minimal constitutional requirements in the record before us. Petitioner had more than seven months—from her hearing in June 2006 to the application deadline in February 2007—to prepare an application for cancellation of removal or, as the BIA observed, to request additional time to file. *See In re Barron*, No. A73 612 221, at 2. When the deadline expired, and petitioner had not submitted an application, she had received all the process that she was due.

■ Finally, in assessing petitioner's motion for remand, the BIA considered and rejected petitioner's two explanations as to why she had "good cause" to delay filing her application. (We note that petitioner's application was not just late; it was never filed.) First, petitioner argued that there was a breakdown in the relationship with her attorneys. However, as the BIA observed, petitioner does not contest that she did not cooperate with her former attorney, which led to counsel's motion to withdraw from the case. *See id.* Second, petitioner argued that her daughter suffered a seizure in January 2007, and that all her energies were focused exclusively on her daughter's recovery. However, the BIA determined that remand was unwarranted because petitioner was nonetheless "aware of her obligation to file her application for cancellation of removal by the date provided." *Id.* We find no abuse of discretion in these conclusions.

For the foregoing reasons, we **DENY** the petition for review. As a housekeeping matter, we **VACATE** our December 30, 2008 order granting petitioner's May 19, 2008 motion for a stay of removal until the petition for review is decided, and now **DENY** her motion for a stay of removal.

1. The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

The Clerk of Court is instructed to update the docket accordingly.