Hanarasingha v. Lynch

BIA
Videla, IJ
A089 915 599

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      ROBERT D. SACK,
      GERARD E. LYNCH,
          *Circuit Judges.*

_____

NAMAL NUWAN HANARASINGHA,
      *Petitioner,*

      v.                        13-1046
                                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Nhan C. Vo, Richmond Hill, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah F. Norman, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Namal Nuwan Hanarasingha, a native and citizen of Sri Lanka, seeks review of a February 22, 2013 decision of the BIA affirming a January 26, 2011 decision of an Immigration Judge ("IJ") denying Hanarasingha's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Namal Nuwan Hanarasingha*, No. A089 915 599 (B.I.A. Feb. 22, 2013), *aff'g* No. A089 915 599 (Immig. Ct. N.Y. City Jan. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). "The 'substantial evidence' standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal

quotation marks and citations omitted).  *See also* 8 U.S.C. § 1252(b)(4)(B).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, the IJ's adverse credibility finding rested primarily on the fact that Hanarasingha testified extensively about a September 2007 physical attack by opposition party "thugs," but had failed to refer to that attack in his written asylum application.  While an asylum applicant is "not required to list every incident of persecution" in his application, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), "[a] lacuna in an applicant's testimony or omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency between one or more of those forms of evidence, can serve as a proper basis for an adverse credibility determination," *Xiu Xia Lin*, 534 F.3d at 166 n.3.

Hanarasingha testified that the September 2007 attack was the "most serious" incident of persecution he suffered. Nevertheless, in a written statement submitted with his

3

asylum application, he described threats made by opposition leaders, but made no mention of the attack.  The IJ reasonably deemed that omission significant.  Further, Hanarasingha failed to submit documents to corroborate his political affiliation with Sri Lanka's United National Party – the cornerstone of his asylum claim, and the reason he was purportedly attacked.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Based on those factors, the IJ found Hanarasingha incredible.  We cannot conclude that no reasonable factfinder would have made such an adverse credibility finding.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having found that Hanarasingha failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as those claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Hanarasingha also challenges the agency's rejection of three documents that he produced, for the first time, at his merits hearing.  An IJ may set a deadline for documents to be filed and thereafter deem the opportunity to file them

4

waived.  8 C.F.R. § 1003.31(c).  Such a waiver is not automatic because the IJ "retains the authority to determine how to treat an untimely filing." Imm. Ct. Pract. Man. ch. 3.1(d)(ii).  We review an IJ's rejection of untimely documents for abuse of discretion.  *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Hanarasingha's removal proceedings began in March 2009. The IJ imposed a document submission deadline of August 24, 2009, but noted that the Immigration Court Practice Manual permitted filing within 15 days of the January 2011 merits hearing.  Imm. Ct. Pract. Man. ch. 3.1(b)(ii)(A). Hanarasingha's documents were untimely by either measure. He attempted to excuse the lateness by arguing that his mother was afraid to request the documents and that the documents' custodians either were frightened or for some other reason refused her requests.  The IJ was within his discretion to rule that Hanarasingha had not established good cause for his fifteen-month delay in submitting the documents.  Nor can Hanarasingha demonstrate "substantial prejudice from enforcement of the deadline."  *Dedji*, 525 F.3d at 192.  The record suggests just the opposite – that is, the three rejected documents actually impugned Hanarasingha's credibility.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk