15-4138
*Mones-Chantes v. Sessions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of March, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                 ROSEMARY S. POOLER,
                 GERARD E. LYNCH,
                         *Circuit Judges*.

_____

FRANCISCO MONES-CHANTES,

                         *Petitioner*,
                v.                                                          No. 15-4138

JEFFERSON B. SESSIONS, III, Attorney General
of the United States,

                         *Respondent*.

_____

For Petitioner:                    James A. Welcome, Law Offices of James A. Welcome,
                                           Waterbury, CT.

For Respondent:                 Lisa M. Damiano, Trial Attorney, Benjamin C. Mizer,
                                           Principal Deputy Assistant Attorney General, and Leslie
                                           McKay, Senior Litigation Counsel, Office of Immigration
                                           Litigation, Civil Division, United States Department of Justice,
                                           Washington, D.C.

1

Petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on December 1, 2015.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **DENIED**.

Petitioner Francisco Mones-Chantes petitions for review of a final order of removal issued by the BIA on December 1, 2015, affirming the order of the Immigration Judge ("IJ") deeming Mones-Chantes's application for cancellation of removal abandoned, denying a continuance to respond to the government's motion to pretermit the application, and ordering Mones-Chantes removed to Mexico. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On July 6, 2012, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear charging Petitioner with removability. Petitioner appeared in Immigration Court on November 14, 2012 and indicated his intention to file an application for cancellation of removal. To be eligible for cancellation of removal, Petitioner must have "been physically present in the United States for a continuous period of not less than 10 years," 8 U.S.C. § 1229b(b)(1)(A), prior to the issuance of the July 6, 2012 Notice to Appear. *See id.* § 1229b(d)(1). During the November 2012 hearing, Petitioner indicated under oath that he had come to the United States in August 2002, less than 10 years prior to the Notice to Appear. The IJ set a final hearing date for June 10, 2014 and ordered Petitioner to "submit [his] application for cancellation of removal with this Court on or before April 11, 2014." A.R. 90. He further warned that "[i]f the application's not timely filed, [it] will be deemed abandoned and an order of removal will be issued." A.R. 90.

2

Petitioner did not file an application for cancellation of removal by the deadline, a fact conceded at the June 10, 2014 hearing. When the IJ decided to deem the application for cancellation of removal abandoned, counsel requested a continuance. When the IJ asked counsel why he had not filed the application, counsel stated that he thought the government had evidence that Petitioner had not been in the United States for the required 10 years.

The IJ issued an oral decision deeming the application abandoned, denying the motion for a continuance, and ordering Petitioner removed to Mexico, explaining:

> [Petitioner] and his counsel were . . . on notice that his physical presence was an issue in his case. . . . [T]he Court set a merits hearing for today, June 10, 2014. [Petitioner] and counsel were notified of the call-up date of April 11, 2014 to file the cancellation of removal application. . . . [Petitioner] and counsel were notified that, if the application is not timely filed, it will be deemed abandoned.
>
> . . . The Court frankly finds no reason to continue this matter. [Petitioner] had well over a year to prepare a cancellation of removal application. The Court considers this application to be abandoned since it was not filed. If [Petitioner] wanted to contest the 10 years of physical presence, this was the forum to do so after he filed the application.

A.R. 59–60.

Petitioner appealed this decision to the BIA, which agreed that the application for cancellation of removal had been abandoned and that the request for a continuance lacked good cause. The BIA further observed that Petitioner "was not prepared to present evidence in support of the application at the June 10, 2014[] hearing despite long-standing knowledge that . . . his ability to establish the necessary continuous physical presence in the United States was at issue." A.R. 3. As a result, the BIA dismissed Petitioner's appeal.

Petitioner now seeks review of the IJ and BIA decisions. "In cases like this, in which the BIA . . . affirms the IJ's opinion and supplements it with its own conclusions, we review both the

3

opinion of the IJ and that of the BIA." *Sanusi v. Gonzales*, 445 F.3d 193, 200 (2d Cir. 2006) (per curiam). Petitioner primarily argues that the IJ erred by granting the government's motion to pretermit based on unauthenticated border patrol arrest records, but this does not accurately reflect the immigration proceedings. Instead, as noted above, the IJ deemed Petitioner's application for cancellation of removal abandoned, denied the motion for a continuance, and ordered Petitioner removed to Mexico because there was no alternative request for relief. We will construe the petition as challenging these aspects of the IJ's order.

We first consider the IJ's decision to deem Petitioner's application for cancellation of removal abandoned. "Failure to file necessary documentation . . . within the time allowed by the immigration judge's order[] constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause." 8 C.F.R. § 1003.47(c). We review an IJ's determination that a petitioner lacked good cause for delay in filing an application, and thus abandoned that application, for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008); *Hanarasingha v. Lynch*, 638 F. App'x 77, 79 (2d Cir. 2016) (summary order). The IJ did not abuse its discretion by deeming Petitioner's application for cancellation of removal abandoned. Petitioner was informed of the application deadline and was specifically warned of the consequences of failing to file by that deadline. Although counsel inexplicably claims in his brief that he *did* file an application for cancellation of removal, the Administrative Record contains no such application and counsel admitted on the record that he never filed one. Furthermore, counsel explained that he did not file an application because, based on the government's representations about evidence in its possession, he did not think the application would be granted. The IJ did not abuse its discretion in determining that this belief did not

4

constitute "good cause" not to file an application for cancellation of removal and thus did not abuse its discretion in deeming that application abandoned.[1]

We next consider the IJ's denial of the requested continuance, which we review for abuse of discretion. *See Sanusi*, 445 F.3d at 199. The IJ did not abuse its discretion by denying the requested continuance, as the IJ correctly determined that Petitioner had abandoned the application for cancellation of removal. There was simply no point to a continuance to give Petitioner further opportunity to present evidence once the IJ deemed the application for cancellation of removal abandoned.

Insofar as Petitioner argues that the denial of the requested continuance violated his Due Process rights, his claim is without merit. "To establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). Petitioner's application for cancellation was abandoned because he never filed it. Accordingly, the IJ did not deny Petitioner due process; Petitioner failed to avail himself of available process. *See Barron v. Holder*, 309 F. App'x 466,

---

[1] Counsel's apparent misrepresentation that he had filed an application for cancellation of removal, and the corresponding misstatement that the IJ had granted the government's motion to pretermit, are only two of the many inexplicable deficiencies in counsel's briefing. First, counsel failed to file a reply brief responding to the government's contention that, contrary to the representations in his brief, he never filed an application for cancellation of removal. If there was any explanation for this inconsistency, it should have been provided; if there was none, the error should have been acknowledged. Second, the brief is completely devoid of any citation to the Administrative Record, *cf.* Fed. R. App. P. 28(a)(6), (8) (requiring briefs to contain "appropriate references to the record" and "citations to the . . . parts of the record on which the appellant relies")—an absence that might explain some of the inaccuracies in counsel's brief. Third, counsel's brief states (as did the brief to the BIA) that Petitioner is from Ecuador when the Administrative Record makes clear that Petitioner is from Mexico. Fourth, the brief argues at some length that a continuance should be granted when Petitioner has a prima facie approvable adjustment of status application pending; however, Petitioner had not such application pending, so that argument is entirely inapposite to his case. Fifth, the brief's Table of Authorities, which fails to contain "references to the pages of the brief where [the authorities] are cited," Fed. R. App. P. 28(a)(3), is completely inaccurate, listing at least ten cases that are not cited in the brief and failing to list five that are. This might be considered a minor matter, save that, when combined with the misstatement of Petitioner's country of origin and the making of inapposite arguments, it suggests that the brief filed in this case was hastily and insufficiently adapted from a brief in an entirely different matter, without attention to the facts of the instant case. Counsel is advised that such errors will not be tolerated in future cases; the Court and, more importantly, counsel's clients deserve better from a member of the bar.

468-69 (2d Cir. 2009) (summary order). As both the IJ and BIA observed, "the forum to present evidence in support of a properly filed application for cancellation of removal was the hearing held on June 10, 2014." A.R. 3.

For the foregoing reasons, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk